**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

NAJJA HINES,                                    :
                                                :
            Plaintiff,                    :
                                                :
        v.                                :        CIVIL ACTION NO.: CV506-043
                                                :
Correctional Officer ROBERTS;                   :
Warden TODD THOMAS;                             :
Correctional Officer JOHN DOE;                  :
Counselor M. BROWN, and                         :
Unknown Inmate JOHN DOE,                        :
                                                :
            Defendants.                  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coffee Correctional Facility in Nicholls, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement.  A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.  In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii).  <u>Mitchell</u>, 112 F.3d at 1490.  The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490.  While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that bleach splashed into his eye when Defendant Roberts and Defendant "John Doe" Inmate were horse-playing with a jug of bleach. Plaintiff claims that the accident happened while waiting for "John Doe" Correctional Officer to open the door to his dormitory.  Plaintiff contends that he screamed for Defendant Roberts to get medical attention, but that Defendant Roberts refused. Plaintiff asserts that Defendant Roberts did not return for forty-five minutes to an hour to see if medical attention was still needed. It was at this time Defendant Roberts called the medical unit. Plaintiff contends that Warden Thomas and Counselor Brown failed to fully investigate this incident.

A Plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under

2

color of state law. <u>Touchston v. McDermott</u>, 234 F.3d 1133, 1137 (11th Cir. 2000). Plaintiff has offered no evidence that Defendant Inmate was acting under color of the State law. Therefore, Plaintiff has not set forth a cognizable claim under 42 U.S.C. § 1983 against Defendant Inmate Doe.

Plaintiff's claim against Defendant Correctional Officer does not set forth any causal connection between the conduct of Defendant Correctional Officer and the cause of Plaintiff's alleged injury. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has offered no evidence which would arguably set forth a claim against Defendant Correctional Officer, his claims against Defendant Correctional Officer John Doe should be dismissed.

Finally, Plaintiff has named Warden Thomas and Counselor Brown as Defendants for their alleged ineffectual investigation into the incident. An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. <u>Cryder v. Oxendine</u>, 24 F.3d 175, 177 (11th Cir. 1994).

Plaintiff contest the procedural due process afforded him by Defendants Thomas and Brown. However, the State may cure procedural due process by providing an adequate post deprivation remedy. "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." <u>McKinney v Pate</u>, 20 F.3d 1550, 1557 (11th Cir. 1994). Based on his Complaint, Plaintiff's due process claims do not indicate the deprivation of a

3

constitutionally protected liberty or property interest.  Thus, Plaintiff's due process claims against Defendants Thomas and Brown are without merit.

Plaintiff's cognizable claim is addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my recommendation that Plaintiff's claims against Defendants Inmate Doe, Correctional Officer Doe, Thomas, and Brown be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 8th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4